BARTLETT, J., concurs with O'BRIEN, J.; PARKER, Ch. J., HAIGHT, VANN and CULLEN, JJ., concur in result in memoranda; WERNER, J., reads dissenting opinion.

Judgment reversed, etc.

---

THE PEOPLE OF THE STATE OF NEW YORK ex rel. THE BANK FOR SAVINGS IN THE CITY OF NEW YORK, Appellant, *v.* NATHAN L. MILLER, as Comptroller of the State of New York, Respondent.

TAX — FRANCHISE TAX ON SURPLUS OF SAVINGS BANKS, IMPOSED UNDER TAX LAW, SECTION 187-b — SECURITIES IN WHICH SURPLUS IS INVESTED MUST BE APPRAISED AT THEIR MARKET VALUE WHENEVER SUCH VALUE IS LESS THAN THEIR FACE, OR PAR, VALUE. In ascertaining the value of the surplus and undivided earnings of a savings bank for the purpose of fixing the franchise tax imposed thereon by section 187b of the Tax Law (L. 1896, ch. 908, as amd. by L. 1901, ch. 117), which requires that every savings bank shall pay to the state "an annual tax which shall be equal to one per centum on the par value of *its surplus and undivided earnings,*" the comptroller must appraise the bonds and securities in which the surplus is invested at their market value, whenever such value is less than the face, or par, value thereof, in accordance with the provisions of the Banking Law (L. 1892, ch. 689, §§ 123, 124), authorizing any savings bank to accumulate a surplus not to exceed fifteen per cent of its deposits and providing that "in determining the per cent of surplus held by any savings bank, its interest-paying stocks and bonds shall not be estimated above their par value or above their market value if below par;" since, in enacting the statute providing for a franchise tax upon the surplus and undivided earnings of a savings bank, the legislature had in mind and intended to impose the tax upon the surplus and undivided earnings provided for by the Banking Law, and, therefore, the provisions of that law control the manner of determining the value of

the surplus to be taxed, and the provision that interest-paying stocks and bonds shall not be estimated "above their market value, if below par," is just and reasonable.

*People ex rel. Bank for Savings* v. *Miller*, 84 App. Div. 168, modified.

(Argued February 8, 1904; decided February 23, 1904.)

Appeal from an order of the Appellate Division of the Supreme Court in the third judicial department, entered May 19, 1903, which modified and affirmed as modified a determination of defendant upon an application for a revision of the taxes assessed against the relator under section 187b of the Tax Law for the year ending June 30, 1901.

The facts, so far as material, are stated in the opinion.

*George W. Wickersham* for appellant. The comptroller erred in not computing the amount of relator's surplus according to the provisions of the Banking Law. (*Smith* v. *People*, 47 N. Y. 330; *Matter of Livingston*, 121 N. Y. 94; *Chase* v. *Lord*, 77 N. Y. 1.)

*John Cunneen*, Attorney-General (*William H. Wood* on the brief), for respondent. The comptroller did not err in taking the par instead of the market value of securities in determining the par value of the relator's surplus and undivided earnings. (L. 1901, ch. 117, § 187b; *Village of Fort Edward* v. *Fish*, 156 N. Y. 363; *State of Illinois* v. *Delafield*, 8 Paige, 527; 26 Wend. 192; 2 Hill, 159; *Hogg's Appeal*, 22 Penn. St. 479.)

Haight, J. We are satisfied with the determination of the Appellate Division as to all of the items and questions in controversy, with one exception.

The comptroller, in ascertaining the value of the relator's surplus and undivided earnings, appraised the bonds belonging to the relator at their face value, notwithstanding the fact that it appeared that the market value of some of the bonds was less than their face value and that the difference between such valuations amounted to the sum of two hundred and ninety-six thousand five hundred dollars. The action of the comp-

troller in so valuing the relator's securities was based upon his construction of the statute to the effect that all of the securities of the relator were required to be assessed by him at their face value.

The legislature, by chapter 117 of the Laws of 1901, added a new section, known as 187b, to the Tax Law which provides as follows: " *Franchise tax on Savings Banks.* Every savings bank incorporated, organized or formed under, by or pursuant to a law of this state, shall pay to the state annually for the privilege of exercising its corporate franchise or carrying on its business in such corporate or organized capacity, an annual tax which shall be equal to one per centum on the *par value* of its surplus, and undivided earnings." It will be observed that the statute contains no provision for the valuation of the securities held by the bank at their " face value," but instead thereof the provision is, " the par value of its surplus and undivided earnings." The surplus may consist of property which has no face value. It may consist of real estate. Savings banks are authorized to invest the money of its depositors in mortgages upon real estate and it is matter of common knowledge that many savings banks throughout the state have had to bid in upon foreclosure sale many parcels of real estate upon which loans had been made. So that, while it may be conceded that the words " par value " ordinarily are to be given the same meaning as face value when applied to bonds and stocks having a face value, yet when used as applying to the surplus and undivided earnings and not limited to bonds and stocks, the meaning may be very different. In determining the legislative intent it becomes important to consider what was meant by surplus and undivided earnings. By referring to the Banking Law (Chap. 689 of the Laws of 1892) we find provisions authorizing the trustees of savings banks to accumulate a surplus fund for the security of depositors, not, however, to exceed fifteen per cent of the deposits. They are also to regulate the rate of interest or dividends, not, however, to exceed five per centum per annum upon the deposits, and in case the surplus

amounts to more than fifteen per cent of the deposits, the trustees are required at least once in three years to divide such accumulation by an extra dividend equitably among the depositors. (§ 123.) It will thus be seen that the surplus in savings banks is the fifteen per cent accumulated over and above the amount due depositors and the undivided earnings in excess of such accumulation and that as to the undivided earnings they are required to be divided among the depositors as often as once in three years. It is upon this surplus and undivided earnings that the legislature has authorized the imposition of a franchise tax equal to one per cent thereof, and in ascertaining the value thereof the statute expressly provides that " in determining the per cent of surplus held by any savings bank its interest-paying stocks and bonds shall not be estimated above their par value or above their market value if below par." (§ 124.) It appears to us that these statutes are *in pari materia ;* that in enacting the Tax Law of 1901, providing for a franchise tax upon the surplus and undivided earnings of a savings bank, the legislature had in mind and intended to impose the tax upon the surplus and undivided earnings provided for by the Banking Law, and, therefore, the provisions of that law control the manner of determining the value of the surplus to be taxed. The provisions of the statute that interest-paying stocks and bonds shall not be estimated " above their market value, if below par," is just and reasonable. It may be that this bank is possessed of other bonds whose market value is above par and that the amount thereof would equal or exceed the amount of the loss by reason of those whose value is below par. But this fact, if such it be, cannot affect the question. The next bank assessed may be possessed of securities, none of which may have a value above par and many of which may have a value very greatly below par. It has never been the legislative purpose to require property valued for assessment to be appraised above its actual and true value, even if it had the power to do so, and we do not think that such was the legislative intent in enacting the statute in question.

The order of the Appellate Division and the determination of the comptroller should be further modified by deducting from the valuation of the surplus and undivided earnings the sum of two hundred and ninety-six thousand, five hundred dollars, and the tax should be computed upon the balance remaining, and the assessment, as so modified, should be affirmed, without costs of this appeal to either party.

GRAY, O'BRIEN, CULLEN, JJ. (and PARKER, Ch. J., MARTIN and VANN, JJ., who dissent as to modification only), concur.

Ordered accordingly.